CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/18/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TONY COBBS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:24-cv-00034 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WALMART, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Before the court is Plaintiff Tony Cobbs's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). (ECF No. 2.). For the following reasons, the court will grant Cobbs's motion but finds that his Complaint fails to state a claim. Accordingly, his Complaint will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   BACKGROUND

In his barebones Complaint, Cobbs claims that he was "wrong terminated from Walmart for allegedly taking a 12 ounce can pepsi for a $1.00. All this come after question management concerning a promotion." (Compl. ¶ 6 [ECF No. 1] [*sic* throughout].) His stated cause of action is "wrong determination by retaliation." (*Id.* ¶ 4 [*sic* throughout].)

Along with his Complaint, which he filed on September 24, 2024, Cobbs filed a motion seeking leave to proceed *in forma pauperis* under § 1915(a)(1). (ECF No. 2.).

### II.   STANDARD OF REVIEW

When a plaintiff is granted leave to proceed *in forma pauperis*, the court has "a duty to screen initial filings" under 28 U.S.C. § 1915(e)(2)(B). *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). The court must dismiss a complaint filed *in forma pauperis* if, "at any time,"

it determines that the action "fails to state a claim upon which relief may be granted." 28 U.S.C § 1915(e)(2)(B)(ii).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to the court's inquiry under 28 U.S.C. § 1915(e)(2)(B)(ii). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). As such, the court must "accept all well-pleaded allegations as true and view the Complaint in a light most favorable to the plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted). The pleadings of *pro se* litigants are accorded a liberal construction and are held to a less-stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Even so, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim has "'facial plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 557).

### III. ANALYSIS

While the court finds that Cobbs does qualify as indigent and therefore may proceed *in forma pauperis*, his Complaint fails to state a claim upon which relief may be granted. Cobbs asserts that "wrong determination by retaliation" is the basis of his federal claim, which the court construes to mean wrongful termination by retaliation. (Compl. ¶4). Cobbs alleges that Walmart wrongfully terminated his employment because he "allegedly t[ook] a 12 ounce can pepsi for a $1.00" and "question[ed] management concerning a promotion." (Compl. ¶6). To the extent that Cobbs seeks to bring claims for unlawful discrimination or unlawful retaliation

under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, Cobbs has not alleged any facts that would make either claim plausible.[1]

Title VII prohibits an employer from "discharg[ing] any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). Membership in a protected class is therefore an essential element of a claim under Title VII's anti-discrimination provision. *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (citation omitted). Cobbs, however, does not allege that he is a member of any protected class. (Compl. ¶6.) Accordingly, the Complaint does not state a plausible claim for discrimination under Title VII. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 583 (2015) (affirming dismissal under the 12(b)(6) standard because complaint did not sufficiently allege that plaintiff was discriminated against by their employer because of their protected status).

Cobbs's sparse factual allegations are also insufficient to state a plausible Title VII retaliation claim. The anti-retaliation provision of Title VII prohibits employers from discriminating against an employee because the employee "opposed any practice made an unlawful employment practice by [Title VII]" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing [under Title VII]." 42 U.S.C. § 2000e–3(a). Engaging in one of these protected activities is an essential element of a Title VII unlawful retaliation claim. *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (2018). The only pre-termination activities mentioned in the Complaint—"allegedly taking a 12-ounce can

---

[1] While Cobbs does not specify this cause of action, the court reads his complaint to assert claims under Title VII. Based on his pleadings, the court is unable to discern Cobbs's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Additionally, if Cobbs is attempting to bring only a state-law claim of wrongful termination, retaliation, or breach of an employment contract (which he does not allege existed), he has failed to plead sufficient facts to invoke this court's jurisdiction under 28 U.S.C. § 1332.

Pepsi for a $1.00" and "question[ing] management concerning a promotion"—are not, without more, activities protected by Title VII.[2] (Compl. ¶6 ). Thus, Cobbs fails to state a plausible retaliation claim because "[n]o facts in the complaint identify any protected activity by [Cobbs] that prompted the retaliation of which he complains." *Coleman*, 626 F.3d at 191 (affirming dismissal of Title VII retaliation claim for failure to state a claim upon which relief can be granted).

Construing Cobbs' claims most liberally in his favor, the Complaint fails to state a claim under Title VII upon which this court can grant relief.

## IV. CONCLUSION

For these reasons, the court will grant Cobbs' motion to proceed *in forma pauperis* and dismiss Cobbs's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is directed to forward a copy of this Memorandum Opinion and the Accompanying Order to all counsel of record.

**ENTERED** this 18th day of October, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] To be sure, questioning whether one was denied a promotion because of impermissible discrimination *could* constitute protected activity. *See Bryant v. Aiken Reg. Med. Cntrs., Inc.*, 333 F.3d 536, 543–44 (4th Cir. 2003) (holding that employee engaged in protected activity by complaining to employer that she was denied a promotion because of racial discrimination). But to make this leap to a viable federal cause of action, the court would have to invent facts in Cobbs's favor, which it is not permitted to do. *E.g.*, *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009).